## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Hilb, Rogal & Hamilton Co.
of Tidewater

v.

Hugh Jack Jennings

January 8, 1992

Case No. (Chancery) 29949

BY JUDGE RUSSELL I. TOWNSEND, JR.

This Chancery cause was taken under advisement following an *ore tenus* presentation of the evidence on the merits to allow counsel to submit memoranda relative to the legal issues involved. Certain facts were stipulated and counsel agreed that damages could be addressed after the Court's rulings on the primary issues involving ownership of the insurance accounts and whether plaintiff is entitled to a permanent injunction enforcing the covenant not to compete.

After a thorough review of the stipulations and the evidence, as well as consideration of all legal memoranda submitted by counsel, the Court concludes that plaintiff is the absolute owner of all insurance accounts initially sold to Insurance Management Corporation of Tidewater and all insurance accounts of whatever description developed or written by the defendant during the time of his employment by the plaintiff or its predecessor. The Agreement to Sell Insurance Expirations (Plaintiff's Exhibit # 3), Employment Agreement (Plaintiff's Exhibit # 1-1), and the Confidentiality Agreement (Plaintiff's Exhibit # 1-2) considered along with the common law right of an employer to the fruits of its employees' labors leaves no doubt that these accounts are the sole property of the plaintiff. The provisions of these agreements which relate to ownership of the accounts in question are clear and unambiguous. Paragraph 16 of the Employment Agreement and the parol evidence rule preclude defendant from attempting to prove

there was some other understanding concerning ownership of any such accounts, including the Blue Cross/Blue Shield accounts.

The more difficult issue for the Court is whether plaintiff is entitled to enforce the covenant not to compete. Defendant contends the circumstances of the termination of his employment by the plaintiff preclude enforcement of the covenant against him. Specifically, he argues that plaintiff materially breached the Employment Agreement by the manner in which it terminated him and is thereby barred from enforcing the covenant not to compete. Plaintiff counters that there was no material breach and that even if there was, the covenant not to compete is severable and independent and can be enforced without regard to any such breach.

In the opinion of the Court, plaintiff is entitled to enforce the covenant by way of a permanent injunction. There can be no doubt that the non-competition clause was an essential provision of the Agreement to Sell Insurance Expirations, as well as the Employment Agreement. The Employment Agreement itself specifies that the agreement is a condition precedent to the consummation of the Agreement to Sell Insurance Expirations and that the purpose of the condition was to protect the value of accounts being acquired. Additionally, paragraph 11 of the Employment Agreement, which is the covenant not to compete, makes clear that defendant's obligation of non-competition is not only in consideration of his employment by the plaintiff, but also in consideration of the consummation of the transactions contemplated by the Agreement to Sell Insurance Expirations. Furthermore, paragraph 13 of the Employment Agreement specifically provides that "no covenant or provision shall be dependent upon any other covenant or provision unless so expressed herein." It is also interesting to note that paragraph 21 of the Employment Agreement provided for liquidated damages to the defendant in the event of a wrongful discharge during the first four years of the agreement. Defendant cannot reasonably argue that, if he had been wrongfully discharged during the first four years, he would have been entitled to these liquidated damages but that conversely plaintiff would have been barred from enforcing the non-compete clause. Considered together all of these provisions manifest that the non-compete clause was an essential provision with respect to both the Agreement to Sell Insurance Expirations and the Employment Agreement and that the parties understood the clause was separate and in-

dependent of the other provisions of the Employment agreement or any actions of the parties with respect to any other provisions.

Accordingly, the Court has decided that plaintiff is entitled to a permanent injunction tailored after the preliminary injunction already in place.

In view of the rulings of the Court, it would not appear necessary to specifically address the trade secrets or duty of loyalty counts at this point.